No. 80-140

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WILLIAM THOMAS FISHER,

Defendant and Appellant.

---

Appeal from: The District Court of the Fourth Judicial District,
In and for the County of Lake, The Honorable Jack
L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Douglas J. Wold, Polson, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena,
Montana
Richard P. Heinz, County Attorney, Polson,
Montana

---

Submitted on Briefs: November 19, 1980

Decided: DEC 18 1980

Filed: DEC 18 1980

Thomas Jr. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal arises from a conviction of defendant of robbery following a jury trial in the District Court of the Fourth Judicial District, Lake County.

On February 14, 1979, defendant was charged in Missoula County with three felony counts of burglary. Defendant later pleaded guilty to two counts, and the third was dismissed. Prior to entry of a judgment of conviction and sentencing, however, defendant escaped from the Missoula County jail.

Following his escape, defendant was charged on July 24, 1979, with robbery in Lake County. He was convicted of this charge in November 1979 and sentenced by the District Court to a term of twenty years in the state prison. The court also found: "For purposes of parole, the Defendant is found by the Court to be a dangerous offender, his having been convicted of a felony in Missoula County within five (5) years last past."

On January 7, 1980, the District Court of the Fourth Judicial District, Missoula County, entered judgment and sentenced defendant for the two counts of burglary filed in February 1979. A judgment and sentence was also entered against defendant on an escape charge.

The sole issue raised on appeal is whether the District Court in Lake County correctly designated defendant a dangerous offender for the purpose of parole.

Section 46-23-201, MCA, provides:

". . . No convict serving a time sentence may
be paroled until he has served at least one-
half of his full term . . .except that a con-
vict designated as a nondangerous offender
under 46-18-404 may be paroled after he has
served one-quarter of his full term . . ."

Under section 46-18-404, MCA, the sentencing court shall designate an offender as nondangerous if:

"(a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; and

"(b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

". . .

"(3) If the court determines that an offender is not eligible to be designated as a nondangerous offender, it shall make that determination a part of the sentence imposed and shall state the determination in the judgment. Whenever the sentence and judgment do not contain such a determination, the offender is considered to have been designated as a nondangerous offender for parole purposes."

Conviction is defined in section 45-2-101(9), MCA:

"'Conviction' means a judgment of conviction or sentence entered upon a guilty plea or upon a verdict or finding of guilty of an offense rendered by a legally constituted jury or court of competent jurisdiction authorized to try the case without a jury."

Defendant, on November 28, 1979, was found to be a dangerous offender based upon a Missoula County felony "conviction." Defendant, however, was not convicted or sentenced as to the burglary charges in Missoula County until January 7, 1980. With this being the case, we find the District Court improperly used the burglary conviction as a basis for its dangerous offender designation.

The fact that defendant pleaded guilty to the burglary charges in Missoula County has no effect upon this Court's finding. The determination of a nondangerous offender

status under section 46-18-404(1)(a), MCA, is based upon an examination of prior convictions. See State v. Dahl (1980), ____ Mont. ____, ____ P.2d ____, 37 St.Rep. 1852, 1857. A conviction cannot be equated with a plea of guilty.

The case is remanded to the District Court for resentencing, in accordance with this opinion, with instructions to determine if defendant, under section 46-18-404, MCA, is to be designated a nondangerous offender for parole purposes.

_____
                    Justice

We concur:

_____

_____
     Justices

Mr. Chief Justice Frank I. Haswell, dissenting.

I would affirm Judge Green's designation of defendant as a dangerous defender.

In March, 1979, defendant plead guilty to two burglaries. In June, 1979, defendant escaped from jail while awaiting sentencing. In November, 1979, defendant was convicted of a robbery he committed while at large following his escape, sentenced to 20 years, and designated a dangerous offender by reason of his prior conviction of burglary less than a year previously.

The majority remand for resentencing because defendant's plea of guilty to the two prior burglaries was not equivalent to a conviction thereof under the definition contained in section 45-2-101(a), MCA. Thus, defendant could not be designated a dangerous offender on this basis according to the majority.

In my view, this is blind obedience to form over substance. It is contrary to the intent, purpose and policy of the dangerous-nondangerous offender statute, section 46-18-404, MCA. The intent of this statute is obvious--to restrict parole eligibility of an offender who has committed a prior felony within 5 years of the offense for which he is being sentenced. A dangerous offender is not eligible for parole until he has served one-half of his sentence less good time allowances; a non-dangerous offender becomes eligible for parole after serving one-fourth of his sentence less good time allowances. Section 46-23-201(a), MCA. In determining offender status and parole eligibility, recent prior felonies committed by the defendant are paramount. Section 46-18-404, MCA. What difference does it make whether a formal judgment of conviction has been entered where the defendant has admitted the prior felonies in open court by pleading guilty? To ask the question is to answer it.

The definition of a conviction cited in the majority opinion is incomplete. The relevant portion of the definitional statute reads:

". . . unless a different meaning plainly is required, the following definitions apply in the title:

" . . .

"(9) 'Conviction' means a judgment of conviction . . . entered upon a plea of guilty or upon a verdict or finding of guilty of an offense . . ." (Emphasis added.)  Section 45-2-101, MCA.

Here a different meaning plainly is required to carry out the intent, purpose and policy of the dangerous-non-dangerous offender statute for the reasons expressed in this dissent.

Additionally, the only reason that a formal judgment of conviction of the prior burglaries was not entered is that defendant escaped while awaiting sentencing.  It is fundamental to our system of jurisprudence that no one can take advantage of his own wrong; this principle has been enacted into statute in Montana. Section 1-3-208, MCA.  This is precisely what the majority have permitted here.

_Frank J. Haswell_____
Chief Justice


Mr. Justice John Conway Harrison:

I concur in the foregoing dissent.

_John Conway Harrison_____
Justice

- 6 -